Case number 19-2058, Beth Chubb et al. v. Daimler Trucks NA LLC, argument not to exceed 15 minutes per side. Mr. Lane, you may proceed for the appellant. Thank you. May it please the court, your honors, good morning. Thomas Lane on behalf of defendant appellant Daimler Trucks North America. The district court below tried hard but ultimately got its decision wrong due to a common misunderstanding conflating concepts of statutory standing with those related to jurisdiction. Now this appeal really presents a classic law school type civil procedure exam question that once the concepts are defined and understood is easily answered. Let's talk first very briefly about article 3 standing which is not really in dispute but it's good to understand what we're talking about. In its most basic form is discussed by this court in Roberts. It's a question of whether a plaintiff is sufficiently adverse to a defendant to create a case or controversy. Moving on to Michigan traditional notions of standing, there are several ways that you can meet the standing requirement under the Michigan Supreme Court's decision in Lansing. Number one, is that thing valid? Isn't the question counselor not whether you can meet the case or controversy requirement but what does Michigan law require for standing? I think that is true and I think the way that Michigan phrases it in the Michigan standing law after a morass of cases really put it in a little bit of disarray and once you get to Lansing, what Lansing has decided, the Michigan's highest court has decided that you can establish standing one of two ways. Number one, if you have a cause of action that's the easy way to do it but that's not the end of the inquiry. A litigant will also be deemed to have standing under Michigan law if that litigant has a special right or injury or a substantial interest that will be detrimentally affected in a manner different from the citizenry at large and really that's the key different from the citizenry at large. Well here's my here's there's a base question here. Much of your briefing is about federal law and statutory standing but the question seems to me to govern this case is Lansing's teaching that Michigan's standing is not equal to federal constitutional article 3 standing and you help me understand this but but what I read is that Lansing explains that federal courts that this is true the difference tends to it relies on the fact that the federal courts are courts of limited jurisdiction and so they have powers that are enumerated and that includes article 3 case and controversy requirements but the state courts they retain everything that was not ceded to the federal government and for that reason they have inherent what they call prudential standing requirements that are defined by Michigan law aren't they and not by federal case or controversy law. Now why why is that tell me if that's an incorrect analysis of Lansing. I don't think that it is I agree with your honor that we have to take a two-step process when we're looking at standard standing number one article 3 standing and then you move into the Michigan standing you have to really establish both because we're in a diversity case that's up in the court because the the parties are diverse obviously but once you establish both of those which I think not not only have we done it but it's not really in dispute you move on to what really is the core issue of this appeal and that core issue is statutory standing and that's the heart of this appeal. Can a state ever affect whether or not we have jurisdiction? I can't imagine a scenario where a state can tell us by their law whether we have jurisdiction. I get it going to a cause of action but can ever ever impact our jurisdiction? I get that question because I asked that question around a round table yesterday isn't it an odd notion that you need to look to the state law to determine whether or not this court or the district court had jurisdiction. I think it's a little bit of a misnomer what you're really doing is you're looking to determine okay is there standing so that we sufficiently understand there's the case in controversy and we're dealing with parties that are sufficiently adverse to each other but once we make that threshold finding we really move into the core issue which the courts have determined hey this idea of statutory standing has frequently been conflated and confused with the issue of jurisdiction in subject matter jurisdiction specifically in statutory jurisdiction is really where Judge Berg down below I guess I would say lost his way. And you're talking about state statutory jurisdiction because obviously Congress can limit our jurisdiction. I think they can and they do but in this case if you look at the Michigan decision in the Lyle case when it's talking about statutory standing it's actually citing from the Lexmark case which is a Supreme Court decision of course federal and what it's doing in that case specifically is it's pointing out that and here's the quote we have on occasion referred to this inquiry as statutory standing and treated it effectively as jurisdictional. This nomenclature is misleading is the absence of a valid cause of action does not implicate subject matter jurisdiction. Galleria versus Nationwide a 2016 decision out of this court held similarly. So really where Judge Berg got it wrong and I don't fault him for getting it wrong because these can be confusing concepts when you're going back and forth between the federal courts and the state court but where he got it wrong where he made his mistake was he decided that he did not have the power to adjudicate the case and it really happened on page nine of his decision. Assume we agree with you and that he got that wrong and that this wasn't adjudication on the merits. You're asking that we assume it's a dismissal with prejudice but rule 41 pretty clearly gives that discretion to a district judge. Wouldn't we have to remand to Judge Berg to determine whether it's with prejudice or without prejudice? Well I think that's a possibility but I think the better approach is to look at the cases where routinely a merits inquiry that that's what we're dealing with in this case. Is there a cause of action were these plaintiffs authorized under this statute? You agree it's a discretionary call under rule 41 right? I think I'd have to agree with that answer. Then how do we do abusive discretion review when we don't know how he would exercise his discretion? I think because it's a clear error of law when you look at his decision a clear error of law is per se an abuse of discretion. The clear error of law was whether or not he had jurisdiction not whether or not it was an adjudication. I mean if he found he had jurisdiction I'm sure he would have taken the next step and found that it was an adjudication on the merits and then under 41 I think it's B or 41B it's presumed it's an adjudication it's presumed it's with prejudice but he can say it's without right? Isn't that the effect of 41B if I remember correctly? I agree that it is presumed that it's without prejudice or excuse me that it is with prejudice. Okay right so ultimately Judge Berg had jurisdiction to decide and adjudicate this case because it could have been heard in a Michigan court. This is a wrongful death case of course a Michigan court can hear that case and then when we have diversity of jurisdiction it bumps up to the federal courts and of course federal courts can hear wrongful death cases that are based upon diversity because we're dealing with statutory standing and because we know that this is a merits inquiry meaning that these plaintiffs are author excuse me meaning are these plaintiffs authorized to pursue this particular case and we know they're not because they conceded they do not have the proper letters of authority. How do you respond on the consideration that this is this case boils down to the discretionary rights of the district court? How do you respond to Michigan's law about what is the appropriate dismissal in cases where there's a failure of capacity to file? I'm thinking of the George Morris Cruz's case from 91 when we were in when Michigan was in its limited prudential doctrine that was brought back by Lansing and it said very clearly that when a failure to meet a statutory filing requirement a dismissal should be without prejudice. Your briefing seems to argue that that is not even available to a federal district judge. Is that still your position? That is our position. I think there's plenty of case law where you look at the underlying facts we have plaintiffs who had their opportunity to be qualified they through neglect allowed that opportunity to pass and because they so clearly let it pass let those letters lapse the court can look at this and say quite clearly that they are no longer authorized they do not have a cause of action because they are not authorized and these particular plaintiffs should not be given a second chance. They had their chance. And can that judge also say and I'm exercising my discretion to dismiss without prejudice? In certain circumstances he might be able to say that. I don't think those are the circumstances before us. Thank you. Your time's up. Mr. Broderick. Yes, good morning your honors. May it please the I think in reading that case it's very clear that you can establish standing under Michigan law one of two ways. If there's a statutory grant the analysis is over. The statute defines who and can sue and who can't sue. It's when there's a more nebulous or open-ended question where the classic traditional law school type standing case and controversy requirement and I think the stat the case specifically states on page 372 that where a cause of action is not provided by law then a court should in its discretion determine whether a litigant has standing. In this case we have a tort claim brought in the federal district court based on diversity and the amount of controversy required. There is no federal tort involved in this case. It's your classic uh products liability type action defined by Michigan law under Michigan's wrongful best statute. I also think that the case law is very clear that in this circumstance the court the district court has to look to state law for guidance on the substantive not the procedural but the substantive matters before it and I think the district court state can limit our jurisdiction. Uh I don't think the state can limit this court's the federal court's jurisdiction no but so then isn't standing purely an article three question for us and then the fact that they might not have standing and state court goes to the merits? I disagree with your honor because I think this court has to apply the substantive law of the state or the federal district court when it's well let me give you a hypo. Suppose Michigan says foreign corporations can't sue in our court okay? Michigan has a law says foreign corporations are not allowed to sue in our court. Foreign corporations sues me in Michigan and we're diverse. We meet all the jurisdictional requirements. Do we lose our jurisdiction? Assume they sue for breach of contract so it's under Michigan law. Do we lose our jurisdiction because Michigan says foreign corporations can't don't have standing in their courts? No I don't think you do but I don't think that that's the fact pattern here. I think respectfully that what you have is a there is no equivalent statutory grant in the federal system. The law says that the court has the district court has to apply state law. The state law is very clear that the only person that can bring an action for personal representative and I think your client under article three had injury in fact right? Oh a variety of people did yes based on the death. That would be the spouse, the parents, the children. So I'm not sure why if Michigan limited some part of the cause of action or said these people can't bring it that would go to the cause of action and not whether or not they actually had injury in fact under article three. We can't displace I mean the Supreme Court's been very clear right? We have to exercise the jurisdiction given to us and state courts I don't see a scenario in which a state court can take away federal jurisdiction. Give me a hypothetical where they could. And I don't think I can do that but I don't think that's what's happening here. I mean the court is interpreting whether he has jurisdiction on this particular case and he doesn't and I think based on the statutory grant. But you're saying based on the Michigan statute so you are saying Michigan took away jurisdiction that otherwise existed under article three. No I don't think so because I mean again this is a state law tort claim. There is no body of law in the federal system that talks about torts. It always looks to state law for guidance and given the fact that the original nature of this claim is a state law court tort claim it has to look to state law because there's no body it could look to on the merits of the case itself. And I think counsel in its reply talks about a case named Lyle which you know first of all it talks about intervention not standing in the classic sense and it's it's after what was known as covenant in Michigan courts it used to be that health insurers had an independent right to sue. Covenant was decided by the Michigan Supreme Court in 2010 I believe that indicated no you no longer have a statutory right to sue or an independent right to sue based on statute and so what it did is it it created quite frankly a nightmare in the courts because all the providers then started what filing what they call covenant motions which would be intervention motions. So the case that Lyle I don't believe is germane or appropriate or applicable to the case here because a it buttresses the fact that absent a statutory grant there is no standing to sue. It did allow under the court rule an ability to intervene by way of motion in an independent action but again that's not what uh we had in a state that was intact and then some distant relatives said wait a minute I didn't get notice from the probate court I want to intervene in this case. So I think that it's it's not appropriate and I would note that Michigan about a year ago then came back the legislature did and then granted the third party insurers in audio call. Counsel if I if I could take you back to your yeah you read an accurate quote from Lansing about saying well if there's a if there's a specific cause of action you're in if there's not a specific cause of action the court should exercise its discretion as to whether to grant standing and take jurisdiction. In our case didn't the district judge stop at the first part he he said there's no statute so therefore there's no standing but he didn't go on to the second part of that quote that you actually read from Lansing. That is correct. Yeah that is correct. So should we send it back for him to do that part? No I don't I don't agree with that your honor because first of all under the wrongful death statute it's very particular how things have to be handled. It would be not in the interest of either justice or judicial economy to do such a thing. You know we then get into the merits of service and everything else which I'm sure you've read and and this all could have been obviated when I offered to substitute a party in before the court ruled. Well okay but that's that's all water under the dam back in the in the lower courts but my puzzle here and let me put it to both of you for your other side on rebuttal that language from Lansing does seem to give you know if you read Lansing it's all kind of pro plaintiff on the majority side saying well maybe we should have more standing to help out the order to kill the plaintiff which I'm not sure how that comes out but isn't that really where we are? It is your honor I mean there's there's a whole lot of fixable problems that haven't been fixed or before you today for whatever reason. I guess that if I'm a judge and I'm not far from it but if I read Lansing and I read this quote that says where cause of action is not provided in law and I have the facts that are before you today I don't think I can go to step two. I think what I say is okay counsel you have your clients have a statutory cause of action for whatever reason you're not positioned correctly under the statute get it right and come back but I don't think I have a right to then say okay well I'm going to ignore there's this statutory right and I'm going to then go into the more traditional case of controversy. I think as a judicial officer I think the lower court got it right. He analyzed it correctly in the sense that okay wait a minute there is a cause of action here but the proper parties are not before me. I can't dismiss with prejudice because those parties aren't here it would be a be a nullity of no effect. His only option really was to dismiss without prejudice because I don't think that quote allows him to go beyond that because there is a statutory scheme and that parties are supposed to work within the rules that they have and not okay this failed and go we'll go meander into something else. I disagree with that. Did I answer your question sir? Oh all right so I think my our position is that the lower court's ruling was correct. I mean he was confronted with two competing motions. It was disclosed to counsel and count you know I don't want to get into you know the pleading speech for themselves but the bottom line is he he had a case with no proper plaintiff before it but and the statutory scheme outlined how that had to be done. It's unfortunate for all concerned but I don't think that a dismissal with prejudice would have been appropriate. The appellant has cited a couple cases where there was a dismissal with prejudice. Isn't that a discretionary call under rule 41 and isn't rule 41 procedural? It is your honor and I was just I had rule 41 pulled in it. So doesn't that go back to the district? I mean we can't exercise that discretion in the first instance so doesn't that go back to the district court to decide whether it's with or without prejudice and you can make all the arguments you want in front of the district court? I do believe it's a discretionary grant but I believe assume for the sake of argument that the district court had jurisdiction that it goes to the merits and that the district court could dismiss it with or without prejudice under rule 41. Isn't that a call the district court makes in the first instance? It is and I believe 41 says that if there's no jurisdiction it has to be without prejudice and I could be misquoting that. I'm saying assume there is just article 3 jurisdiction here because that's the only jurisdiction that is jurisdiction in the true sense of the word for federal court. Well I okay I guess I can assume that then it is a discretionary grant but I do disagree with that because I think the jurisdiction is the diversity and the amount of controversy. Not and there's no need. I don't think they met those requirements. Right but I do believe it's a discretionary grant I would have to concede that but not the dismissal without with prejudice I should say and I would say you know two of the cases that appellant diversity and amount and controversy right? Correct I do. Okay go ahead I'm sorry. No no I'm sorry if I interrupted. The two cases where appellant is cited one is B.V. DeTore about a contract case you know it was decided under state law but I think there you know the court could look beyond the facts and say okay does this person have standing to sue and say clearly they didn't. The other case the hammer case that was under a federal statute with looked at a statutory grant of standing and found that the purported plaintiffs clearly had no standing. Here you have the lower court judge looking at behind the scenes as could somebody have standing and the answer is yes absolutely they may not be positioned well but in that instance I'm dismissing without prejudice but in those other cases where a judge is looking behind the scenes at the facts and saying could this person have standing the answer was absolutely not not under either the statutory grant with the lead paint or the contractual theory outlined under Ohio statute. And I don't think I have anything else at this point. Thank you. You will have your Mr. Broderick and I have seemingly flipped positions from what you would expect in the typical case and the arguments are not the usual that you would see but I guess the procedural stance that we find ourselves in dictate those positions. I would like to address an earlier position about whether or not this should be remanded and let Judge Berg decide the issue. I guess the only additional point I would make in response to that inquiry is that really when you're looking at the merits and doing a merits inquiry what you're doing is you're deciding whether or not there's a failure to state a claim and under rule 12b6 when it's a failure to state a claim those businesses are typically with prejudice. To address Mr. Broderick's point with Lansing I do agree with the court that Lansing you must look at Lansing in its totality and not simply certain excerpts out of that decision and when you look at Lansing in its totality it becomes evident that Judge Berg did not go far enough in the analysis. I think he got it right when he determined that this plaintiff did not have authority to sue but I think that he didn't take it in the right direction or down the right path and really where he veered was when he started to rely on the Inright Beatrice Rottenberg case and when he stated that the principle of statutory standing is jurisdictional that that's just not correct. The estate of Lyle and the point that it's not a jurisdictional issue those issues are often conflated and it's really a merits inquiry does our plaintiff have a cause of action and here without those letters of authority that they allow to lapse our plaintiff does not have a cause of action and it should be dismissed with prejudice. We thank you both for your arguments and for appearing electronically. I'm sorry about what you said when you say he didn't go far enough the usual thing is then to say okay we ought to send it back for him to go appropriately further in that second part of the quote from Lansing but I take it your position is that as a matter of law he was required to say that this was a merits determination and he had no discretion the way that a judge the par has indicated. I take it you wouldn't be satisfied with the remand and can you reprise then why not only did he get it wrong but he had to go the other way. Sure so I think what I would do is I would start with the record before us and the record before us has been in other words for the district court to further develop the record we have all that we need in front of us to decide this and since we have all that we need for the decision to be made the decision is akin to a 12b6 issue where because you cannot state a cause of action these plaintiffs due to the fact that they are not authorized under the statute because they allowed the letters to lapse when you can't do that it's a failure to state a claim or it's akin to a failure to state a claim and Judge Boggs that determination can be made by this court and the determination can be with prejudice. Or it could be sent back down for the exercise of discretion by the district court under rule 341 and Michigan law isn't that correct also? If you're looking at it from the rule 41 perspective Judge Stranch I won't disagree with you but I do believe that this is more akin to a 12b6 issue and it was converted to the 12b6 type of inquiry when Mr. Broderick came into court and informed the court that the letters of authority had expired and that turned it into a merits-based inquiry at that time. Okay no further questions we appreciate your arguments thank you the case will be taken under advisement and an opinion will be rendered in due course.